```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

JACQUELINE CHESHER, et al.,      :
                                 :   NO. 1:01-CV-00566
        Plaintiffs,              :
                                 :
                                 :   **OPINION & ORDER**
    v.                           :
                                 :
                                 :
TOM NEYER, et al.,               :
                                 :
        Defendants.              :

This matter is before the Court on the Defendants' Hamilton County, Ohio, Terry Daly, Ronda Gross, Robert Pfalzgraf, M.D., Gary Utz, M.D.'s (hereinafter "County Defendants) Motion to Strike Plaintiffs' Disclosure of Experts (doc. 348), Defendant Carl L. Parrott, Jr., M.D.'s Motion to Strike Plaintiffs' Disclosure of Experts (hereinafter "Parrott") (doc. 349), Defendant Thomas Condon's (hereinafter "Condon") Motion to Strike Plaintiffs' Disclosure of Experts (doc. 350), Plaintiffs' Memorandum in Opposition to the County Defendants, Parrott, and Condon's Motions to Strike Plaintiffs' Disclosure of Experts (doc. 352), the County Defendants' Reply in Support of Motion to Strike Plaintiffs' Disclosure of Experts (doc. 353), and Parrott's Reply in Support of Motion to Strike Plaintiffs' Disclosure of Experts (doc. 354). Parrott and Condon's Motions incorporate by reference the motion of the County Defendants

The County Defendants, Parrott, and Condon

(hereinafter collectively "Defendants") pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure and this Court's Order dated August 24, 2004 (doc. 239), object to Plaintiffs' Disclosure of Experts filed on April 1, 2005 (docs. 348, 349, & 350). The Defendants note that Rule 26(a)(2)(C) reads in pertinent part, "[i]n the absence of other direction from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date . . . or if the evidence is intended to contradict evidence on the same subject matter identified by another party . . . within 30 days after the disclosure made by the other party." Fed. R. Civ. P. 26(a)(2)(C). Defendants argue that this Court's Order cutting-off discovery supersedes this rule (doc. 348). In that Order, dated August 24, 2004, this Court extended the previously ordered discovery cut-off date of August 1, 2004 (doc. 175) to November 1, 2004 (doc. 239). Defendants' complaint that Plaintiffs' newly filed Disclosure of Experts (doc. 347) was filed five months after the close of discovery and after dispositive motions had been fully briefed (doc. 348).

Defendants argue that there is no ambiguity that all Parties were obligated to disclose experts by November 1, 2004 (Id.). Defendants note that on October 14, 2004 Plaintiffs' counsel wrote a letter to Defendants' counsel specifically stating that November 1, 2004 was the discovery cut-off date in the context

of the taking of Defendants' experts depositions and, again, in a letter dated October 27, 2004, Plaintiffs made it clear that discovery was cut-off as of November 1, 2004 (Id.). The Plaintiffs' April 1, 2005, Disclosure of Experts, is not only in violation of this Court's Order, argue Defendants, but also creates a great prejudice by requiring Defendants "once again, to address a newly concocted theory . . ." (Id.).

Plaintiffs respond to Defendants' Motions arguing said Motions (docs. 348, 349, & 350) are without merit and should be denied in their entirety (doc. 352). Plaintiffs acknowledged that on April 1, 2005 they disclosed Delroy Lorenzo Paulhaus, Ph.D. and Pauline E. Boss, Ph.D. as expert witnesses, in addition to those experts already disclosed (Id.). However, argue Plaintiffs, since April 1, 2004 was more than 90 days before the trial date (no final pretrial conference having been scheduled), their disclosure was consistent with Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure and this Court's procedures (Id.). The Plaintiffs note that included with their Disclosure were the reports of Dr. Paulhus and Dr. Boss and, indeed, Dr. Paulhus' report (declaration) was given to the Defendants and presented in open court at the summary jury trial (Id.). The purpose of Dr. Paulhus' declaration was to rebut the opinion of Defendants' expert, Dr. John Kennedy.

Plaintiffs also argue that the Court's August 24, 2004 Order (doc. 239) was issued with the expectation that the

Summary Jury Trial would take place on December 7, 2004 and that the trial would begin on January 4, 2005 (doc. 252).  Neither of these dates stood fast.  The Summary Jury Trial ultimately commenced January 11, 2005, a date not scheduled until December 1, 2004.  Plaintiffs aver that it is not prejudicial nor inappropriate to disclose experts after the November 1, 2004 cut-off in light of these changes to this matter's schedule (Id.).

Furthermore, Plaintiffs highlight that Defendants themselves have regularly recognized that discovery has had to continue beyond the November 1, 2004 deadline (Id.).  In fact, at least 16 depositions have taken place subsequent to November 1, 2004 (most of which have been noticed and taken by the moving Defendants) (Id.).  At the time of Plaintiffs' Memo in Opposition to Defendants' current Motions, Plaintiffs' noted that Defendants were still initiating and conducting discovery (Id.).  Accordingly, Plaintiffs assert that Defendants' "strict adherence to the November 1 discovery cutoff is more than a bit disingenuous" (Id.).

The Court is not convinced that prejudice will result to the Defendants by Plaintiffs' April 1, 2005 disclosure of expert witnesses.  Discovery has clearly continued on both sides subsequent to this Court's Order of August 24, 2004 setting a discovery cut-off date of November 1, 2004.  Plaintiffs are to make available to Defendants immediately those newly disclosed experts in their April 1, 2005 Disclosure so that Defendants can depose

said experts.  As such, Defendants' Motions (docs. 348, 349, & 350) are DENIED.

     SO ORDERED.

Dated: September 20, 2005    /s/ S. Arthur Spiegel
                                        S. Arthur Spiegel
                                        United States Senior District Judge