UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACQUELINE CHESHER, et al.,   :   NO: 1:01-CV-00566
                        :
       Plaintiffs,    :
                        :
     v.               :   **OPINION AND ORDER**
                        :
                        :
TOM NEYER, JR., et al.,     :
                        :
       Defendants.    :

This matter is before the Court on Plaintiffs' Class Counsel's Motion for Attorney Fees and Expenses (doc. 477) to which Defendants filed no written objections. For the reasons stated herein, the Court GRANTS Plaintiffs' motion.

**I. Discussion**

The Court recently approved the proposed settlements in an Order of this Court (doc. 475). Class Counsel now seeks attorneys' fees and reimbursement for costs and expenses pursuant to 42 U.S.C. § 1988, Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, and the terms of the class action settlements in this case (doc. 477). Specifically, Class Counsel seeks $1,582,799.63 in fees and a reimbursement of expenses for $417,200.37, an award totaling $2 million, to be paid from the Chesher Qualified Settlement Fund (Id.).

First, the Court is satisfied, after reviewing the documentation furnished by Class Counsel, that the amount of

expenses requested for reimbursement, $417,200.37, is correct.

Next, the Sixth Circuit has routinely held that the "primary concern in evaluating a request for attorneys fees 'is that the fee awarded be reasonable.'" Paschal v. Flagstar Bank, 297 F.3d 431, 434 (6th Cir. 2002). The Supreme Court has recognized that where, as here, a class plaintiff successfully recovers a common benefit for the class, the costs of litigation should be spread among the beneficiaries. Boeing Co. v. Gemert, 444 U.S. 472 478 (1980). Determining an award of attorneys' fees in a common benefit case requires that the court consider factors which are not present in statutory fee shifting cases, such as under § 1988. Rawlings v. Prudential-Bache Properties, Inc., 9 F.3d 513, 516 (6th Cir.1993). The Sixth Circuit explained:

> The interest of class counsel in obtaining fees is adverse to the interest of the class in obtaining recovery because the fees come out of the common fund set up for the benefit of the class. In addition there is often no one to argue for the interests of the class (that their recovery should not be unfairly reduced), since it is to be expected that class members with small individual stakes in the outcome will not file objections, and the defendant who contributed to the fund will usually have scant interest in how the fund is divided between the plaintiffs and class counsel.

Id.

In order to deal with these concerns, some courts have adopted the percentage of the fund method in such common fund cases, and others have recognized that under some circumstances the lodestar method is appropriate. Id. at 515-16 (citations omitted).

2

The lodestar method involves the calculation of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565, (1986); <u>see</u> <u>In re Telectronics Pacing Systems, Inc</u>., 137 F.Supp.2d 1029, 1041 (S.D.Ohio 2001) (the lodestar method "requires the class counsel to submit a listing of hours and their rates charged per hour").  This sum may then be "increased by a 'multiplier' to account for the costs and risks involved in the litigation, as well as the complexities of the case and the size of the recovery." <u>Telectronics</u>, 137 F.Supp.2d at 1041 (citing <u>Rawlings</u>, 9 F.3d at 516).  In contrast, "[u]nder the percentage of the fund method, the court simply determines a percentage of the settlement to award the class counsel." <u>Id</u>.

        The preferred method in common fund cases has been to award a reasonable percentage of the fund, with the percentage awarded typically ranging from 20 to 50 percent of the common fund. <u>Bowling v. Pfizer</u>, 922 F.Supp. 1261, 1278-79 (S.D.Ohio 1996), <u>aff'd</u>, 102 F.3d 777 (6th Cir.1996) (citations omitted); <u>In re Cincinnati Gas & Electric Co. Securities Litigation</u>, 643 F.Supp. 148, 150 (S.D.Ohio 1986).  However, each method has its respective advantages and disadvantages. <u>See Bowling</u>, 922 F.Supp. at 1278-79. "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects

3

the results achieved." <u>Rawlings,</u> 9 F.3d at 516.

All the Sixth Circuit requires is that the award of attorneys' fees in common fund cases must be reasonable under the circumstances. <u>Rawlings</u>, 9 F.3d at 516; <u>Smillie v. Park Chemical Co.</u>, 710 F.2d 271, 275 (6th Cir.1983). Thus, district courts have the discretion "to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." <u>Rawlings</u>, 9 F.3d at 516 (affirming district court's use of the lodestar method); <u>Bowling</u>, 102 F.3d 777, 780 (6th Cir.1996) (affirming district court's methodology which based the fee award on a percentage of the fund and then cross-checked the fee against class counsel's lodestar).

Ultimately, the Court must ensure that Class Counsel are fairly compensated for the amount of work done as well as the results achieved. <u>Rawlings</u>, 9 F.3d at 516. Moreover, the Court must provide a concise, clear explanation of the reasoning for adopting a particular methodology and the factors considered at arriving at the fee. <u>Hensley</u>, 461 U.S. at 437, 103 S.Ct. 1933; <u>Rawlings</u>, 9 F.3d at 516. The Court recognizes that it has a choice in which of the two methods it adopts to determine the reasonable fee award. <u>Brotherton v. Cleveland</u>, 141 F.Supp.2d 907, *910 -911 (S.D.Ohio,2001).

The Court find that in this case a reasonable fee award

4

is best determined using the percentage of the fund method as requested by Class Counsel, using the lodestar method as a check on the reasonableness of the award. See Bowling, 102 F.3d at 780; also Fournier v. PFS Investments, Inc., 997 F.Supp. 828, 831 (E.D.Mich.1998); In re Sulzer Hip Prosthesis and Knee Prosthesis Liability Litigation, 268 F.Supp.2d 907, 923 (N.D.Ohio, 2003). Here, Class Counsel seek a fee award of $1,582,799.63, less than 20 percent of the value of the settlement, using the percentage of the fund method (doc. 477). Further, Class Counsel offers analysis under the lodestar method, arriving at a total lodestar figure of $2,732,154.75, as a check on the reasonableness of their request (Id.).

In determining whether a common fund award is fair and reasonable, courts examine the following factors:

> (a) the value of the benefits rendered to the class; (b) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (c) whether the services were undertaken on a contingent fee basis; (d) the value of the services on an hourly basis; (e) the complexity of the litigation; and (f) the professional skill and standing of all counsel.

Telectronics, 137 F.Supp.2d at 1042 (citing Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir.1974), cert. denied, 422 U.S. 1048, (1975)). "Most important among these factors are the value of the benefit rendered to the plaintiff class and the value of Counsel's services on an hourly basis." Bowling, 922 F.Supp. at 1280 (citing Rawlings, 9 F.3d at 516). Taking into

consideration these factors, the Court finds the fee requested by Class Counsel, $1,582,799.63, to be fair and reasonable.

### A. Value of the Benefits Rendered to the Class

The benefits of the settlements reached in this case were detailed by the Court in its previous Order approving the settlements (doc. 475). In short, the settlements provide substantial monetary awards to the class members, a sum of $8,000,000, in a timely manner, as well as significant non-economic terms that could not have been achieved through litigation. Class Counsel's requested award is less that 20 percent of the monetary portion of this settlement.

### B. Society's Stake

Further, the Court finds that society's interests are served by awarding attorneys' fees in this case. Note only did the final settlements provide a benefit to the public, but as the trial court noted in In re Union Carbide Corp. Consumer Products Business Sec. Litig., 724 F.Supp. 160, 169 (S.D.N.Y. 1989), individuals would lack the ability to protect their interests in many cases if courts refused to fairly compensate counsel who pursue class actions.

### C. Contingent Basis

The Court notes that the two law firms involved in this case, Waite, Schneider, Bayless & Chesley Co. LPA, and Gerhardstein & Branch Co. LPA, originally represented the named Plaintiffs, most

6

of whom became members of Sub-Class One, and some who became members of Sub-Class Two, on a one-third contingent fee basis (doc. 477).

### D.  Value of Services on an Hourly Basis

Class Counsel have provided the Court with a detailed listing of their hours for the Court to review (Id.).  After reviewing the over 11,000 hours presented, the Court determines that they represent a fair and appropriate amount of time to devote to such a complex litigation.  The value of the services rendered by Class Counsel, or the "lodestar figure," using the various hourly rates proposed by Class Counsel, amounts to $2,732,154.75 (Id.).  While the Court is explicitly not approving the hourly rates requested by counsel, the Court does find it significant that the requested fee is much less than the lodestar figure as calculated by Class Counsel.

Further, the Court notes that class members were separately notified of the proposed two million dollar total award for fees in expenses in the notice of the proposed settlement sent to all class members and published in the newspaper, and no member of the class objected to this sum.

### E. Complexity of the Litigation

There is no doubt this litigation was complex.  The parties litigated this case for six years, including generating nearly 500 filings, complicated discovery involving mandamus

proceedings in the Court of Appeals, dispositive motions that were appealed to the Sixth Circuit, and a summary jury trial (doc. 477).

### F. Professional Skill and Standing of All Counsel

Finally, the Court finds the skill of Class Counsel to be excellent, as evidenced by their high quality of work throughout this litigation. The award requested by Class Counsel is appropriate for the result obtained for the Plaintiffs.

Therefore, having thoroughly reviewed Class Counsel's petition, the Court finds the award of fees and expenses requested by Class Counsel to be fair and reasonable. Significantly, the Court notes that the award is less than twenty percent of the overall monetary settlement, and much less than the lodestar figure as calculated by Class Counsel. In approving this award, the Court explicitly is not approving the proposed hourly rates of Class Counsel, but instead the Court finds that the overall award is reasonable in light of the above factors.

## II. Conclusion

Accordingly, the Court hereby GRANTS the Plaintiffs' Motion in Support of Award of Attorneys' Fees and Reimbursement of Expenses (doc. 477). The Court AWARDS $2 million to Class Counsel to cover fees and expenses. This award of fees and expenses shall be distributed in accordance with the Settlement Agreement.

SO ORDERED.

Dated: December 19, 2007          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel